# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Regina M. Rodriguez

Civil Action No. 1:26-cv-00954-RMR

LUIS DAVID SOLANO RIVAS

      Petitioner,

v.

KRISTI NOEM, Secretary of Homeland Security in her official capacity,
TODD M. LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement,
ROBERT GUARDIAN, Denver Field Office Director, U.S. Immigration and Customs Enforcement in his official capacity,
PAMELA BONDI, Attorney General in her official capacity, and
JUAN BALTAZAR, Warden, Denver Contract Detention Facility in his official capacity,

      Respondents.

---

# ORDER

---

Pending before the Court is Petitioner Luis David Solano Rivas' ("Mr. Solano Rivas" or "Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1. Respondents filed a Response to the Petition, ECF No. 10, and Mr. Solano Rivas filed a Reply to the Response, ECF No. 11. This Court ordered the Parties to file their positions as to whether or not Mr. Solano Rivas' prior misdemeanors and sentences disqualify him under § 1226 (c). ECF No. 12. Respondents filed their position, ECF No. 13, and Petitioner filed his position, ECF Nos. 14 and 15.[1] The Court

---

[1] The Court notes that, pursuant to Fed. R. Civ. P. 25(d), Markwayne Mullin was substituted for Kristi Noem as the Secretary of Homeland Security, George Valdez was substituted for Robert Guardian as the Acting Field Office Director, Denver Field Office, United States Immigration and Customs Enforcement in the Response, and Todd Blanche was substituted for Pamela Bondi as the Acting Attorney General in ECF Nos. 10 and 13.

has reviewed the Petition, the Motion, the related briefing, and the applicable case law. For the reasons stated below, the Petition, ECF No. 1, is DENIED.

## I.    BACKGROUND

Mr. Solano Rivas is a native citizen of El Salvador, and he entered the United States in 2000 at age 7. ECF No. 1 ¶ 34. The United States granted him Temporary Protected Status ("TPS") in approximately 2007. *Id.* at ¶ 36. Mr. Solano Rivas resides in Silver Spring, Maryland where he helps raise his two United States-citizen children. *Id*. at ¶ 35. In May 2025, Mr. Solano Rivas was convicted of two misdemeanor offenses in Maryland state court: (1) MD CR3-308(b)(1) sexual offense in the fourth degree, and (2) MD CR 3-203(a) assault in the second degree. *Id.* at ¶ 37. The court sentenced him to ten years and one year respectively. *Id*. The state court suspended both sentences and gave Mr. Solano Rivas three years of probation. *Id*. On February 10, 2026, immigration officers stopped and detained Mr. Solano Rivas. *Id*. at ¶ 38. Currently, Mr. Solano Rivas is detained at the Denver Contract Detention Facility, in Aurora, Colorado. *Id.* at ¶ 39. Mr. Solano Rivas' removal proceedings are pending, and he is not subject to a final order of removal. *Id.* at ¶ 40.

## II.    LEGAL STANDARD

### A.    Habeas Corpus Relief

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner*

*v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020). A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

III.    **ANALYSIS**

**A.    Petitioner is improperly detained under 8 U.S.C. § 1225**

Mr. Solano Rivas brings two causes of action: (1) Count I: Respondents detained Mr. Solano Rivas in violation of 8 U.S.C. § 1226(a); and (2) Count II: Respondents detained Mr. Solano Rivas in violation of his Due Process rights. ECF No. 1 at 13-14.

This Court first addresses whether Mr. Solano Rivas is improperly detained under 8 U.S.C. § 1225 ("§ 1225"). Because Petitioner does not have a final order of removal, his detention should be governed under either § 1225 or § 1226 ("§ 1226"). *Singh v. Blanche*, No. 26-CV-00601-PAB, 2026 WL 936371, at *3 (D. Colo. Apr. 7, 2026). § 1226(a) provides "the default rule" for the detention of noncitizens "already in the country." *Jennings v. Rodriguez*, 583 U.S. 281 (2018). Whereas, § 1225 applies to noncitizens who are detained at a port of entry or shortly thereafter. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Petitioner contends that he is being improperly subjected to mandatory detention under § 1225(b) since he was not apprehended at the border and is not "seeking admission." ECF No. 1 at 2. Petitioner requests that the Court issue a writ of habeas corpus requiring Respondents to release Petitioner from ICE detention immediately, or in the alternative, order Respondents to provide Petitioner with

a bond hearing under § 1226(a) in front of an Immigration Judge within 15 days. [2] ECF No. 11 at 4, 19.

As Respondents acknowledge, this discrete issue is "not materially different from an issue this Court has resolved in a prior ruling in another case," ECF No. 10 at 2 (citing *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025)), and the facts Petitioner presents are "not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id.* at 3. Indeed, like in *Mendoza Gutierrez*, Petitioner resided in the United States for several years before ICE detained him. ECF No. 1 ¶¶ 34, 41. And, also like in *Mendoza Gutierrez*, Petitioner is being held in civil immigration detention and denied the opportunity for a bond hearing based on the government's assertion that, despite his long-term residence in the United States, Petitioner is an "applicant for admission" to the United States and must therefore be subject to mandatory detention under either § 1225(b)(1) or § 1225(b)(2). *See* ECF No. 10 at 3. As Respondents anticipate in their response brief, these similarities are sufficient to "lead the Court to reach the same result here" as it did in *Mendoza Gutierrez*. *Id*. The Court thus adopts that reasoning in full here, *see Mendoza Gutierrez*, 2025 WL 2962908, at *5-9 (analyzing the plain language, legislative history, and past practice of § 1225 compared to § 1226 and determining "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens

---

[2] In his petition, Petitioner seeks enforcement of his rights as a member of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). Petitioner has not convinced this Court that it is bound by the judgment in *Maldonado Bautista.* However, any potential class membership does not affect the Court's ability to adjudicate the instant petition, given the Court's determination that relief here is governed by § 1226.

who have lived in the United States continuously for over two years"), and once more joins the chorus of courts in this district and around the nation that have overwhelmingly rejected Respondents' position.[3]

**B.      Petitioner is Subject to Mandatory Detention under § 1226 (c)**

Since this Court holds that Mr. Solano Rivas is improperly detained under § 1225, he should instead be detained under § 1226. Mr. Solano Rivas has been convicted of two misdemeanor offenses: (1) MD CR3-308(b)(1) sexual offense in the fourth degree, and (2) MD CR 3-203(a) assault in the second degree. ECF No. 1 ¶ 37. The Maryland state court sentenced him to ten years and one year respectively. *Id*. The state court suspended both sentences and gave Mr. Solano Rivas three years of probation. *Id*. Petitioner contends that his two convictions do not subject him to mandatory detention under § 1226 (c). But, the Supreme Court is clear that § 1226(c), "carves out a statutory category of aliens who may *not* be released under § 1226(a)," including aliens who fall into one of several enumerated categories related to criminal offenses. *Jennings*, 583 U.S. at 289. As outlined below, this Court determines that Petitioner falls into one of the enumerated categories of § 1226(c), and is therefore, not persuaded by Petitioner's arguments.

---

[3] *Compare* ECF Nos. 1, 10 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D[2] Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

The above-described convictions place Mr. Solano Rivas squarely within § 1226(c). Specifically, § 1226 (c)(1)(A) declares that the Attorney General shall take into custody any alien who "is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." Petitioner's two convictions fall into section 1182(a)(2)(B), which reads: "Any alien convicted of 2 or more offenses (other than purely political offenses), regardless of whether the conviction was in a single trial or whether the offenses arose from a single scheme of misconduct and regardless of whether the offenses involved moral turpitude, for which the aggregate sentences to confinement were 5 years or more is inadmissible." Here, it is undisputed that Mr. Solano Rivas was convicted of two offenses and the aggregate sentence to confinement was 11 years. The original sentence, not the amount after suspension, is the proper number to utilize for this analysis. *See* 8 U.S.C. § 1101 (a)(48)(B) (Immigration and Nationality Act specifically declared that any reference to a sentence "is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.").

Therefore, because Petitioner was convicted of two offenses with an aggregate sentence to confinement of five years or more, he is subject to mandatory detention pursuant to § 1226(c). Mandatory detention in accordance with § 1226(c) does not violate Mr. Solano Rivas' due process rights. *See Jennings,* 583 U.S. at 303 (2018) ("Like § 1225(b), § 1226(c) does not on its face limit the length of the detention it authorizes… And together with § 1226(a), § 1226(c) makes clear that detention of aliens within its scope *must* continue 'pending a decision on whether the alien is to be removed from the United States.'")

IV.    **CONCLUSION**

For the foregoing reasons, the Court concludes that Petitioner has made a strong showing that he is unlawfully detained under §1225(b)'s mandatory detention authority and should instead be detained under § 1226. Due to Petitioner's previous convictions, his detention should be governed by § 1226(c) and he must remain detained. The Court further ORDERS that:

1. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **DENIED**;

DATED: June 1, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge